UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO
DENVER DIVISION

| | |
|---|---|
| In re:<br><br>MARK ALAN GOEKEN<br><br>    Debtor | Case No.: 11-30109-ABC<br><br>Chapter: 13 |

**MOTION OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-2THROUGH ITS AUTHORIZED SERVICER NATIONSTAR MORTGAGE, LLC PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE, RULES 4001 AND 9014 OF THE FEDERAL RULES OF BANKUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 4001-1 FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT FORECLOSURE**

U.S. Bank National Association As Trustee For Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 through Its Authorized Servicer NATIONSTAR MORTGAGE, LLC, its successors and assigns (hereafter called "Lender"or "Movant"), hereby moves for relief from the automatic stay of 11 U.S.C. §362, for entry of an order terminating the automatic stay to allow Movant to enforce its rights against the collateral described below on the following grounds: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek relief from the automatic stay and foreclose if necessary.

**Jurisdiction and Venue**

    1.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

    2.    This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G).

    3.    Venue of the Motion in this District is proper pursuant to 28 U.S.C. § 1409(a).

**Predicates for Relief**

    4.    This Motion is premised on Section 362(d) of the Bankruptcy Code and is a contested matter within the meaning of Bankruptcy Rules 4001 and 9014.

**Causes Exists to Lift the Stay**

5. On FEBRUARY 21, 2007, MARK ALAN GOEKEN, borrowed $158,300.00 from First Franklin Financial Corporation ("Original Lender") pursuant to a 30-year fixed interest rate promissory note bearing an initial interest rate of 7.8500% (the "Note"). The monthly payment was $1,056.68. A copy of the Note is attached as Exhibit A.

6. To secure repayment of the Note, Mr. Goeken executed a Deed of Trust granting Original Lender a first priority security interest in his residence located at 8376 MITZE DRIVE, DENVER, CO 80221 (the "Property"). A copy of the Deed of Trust, including the legal description of the Property, is attached as Exhibit B.

7. Original Lender caused the Deed of Trust to be recorded February 23, 2007 at Instrument No. 2007000019211, in Adams County, Colorado.

8. On December 17, 2012, Original Lender First Franklin Financial Corporation assigned the Deed of Trust to U.S. Bank National Association as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2. A copy of the assignment is attached as Exhibit C.

9. The Note was endorsed in blank by Original Lender. Movant has the Note in its possession.

10. On August 23, 2011, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. On Schedule D, filed with the petition, the Debtor included an undisputed obligation in the amount of $159,888.11 owed with respect to the Property. The petition estimated the value of the Property at $139,000.00. A copy of Schedule D is attached hereto as Exhibit D.

11. Debtor filed an amended chapter 13 plan with the Court. The plan states that Debtor intended to continue to make the payments required by the Note and the Mortgage. A copy of the confirmed Chapter 13 plan is attached hereto as Exhibit E.

12. On January 30, 2012, the Court entered an order confirming the Plan. A copy of that order is attached hereto as Exhibit F.

13. As of the date of this Motion, the Debtor has not yet obtained his discharge.

14. The Debtor made the payments due under the Note and the Plan, but is now in default multiple payments beginning with payment due on August 01, 2012. The current unpaid balance as of May 01, 2014 totals $21,73814.  Movant's records indicate that as of May 01, 2014, 2014 the last payment received by Movant was received on July 01, 2012 and applied to the obligation owing as of August 01, 2012.

15. On April 30, 2014, counsel for Movant advised debtor's counsel that movant's records indicated that payments under the loan or agreement were in default and that counsel had been authorized to file this motion. Debtor's counsel has not replied to this message.

ARGUMENT

POINT ONE

THE COURT SHOULD ORDER DEBTOR TO COMPLY
WITH THEIR OBLIGATIONS UNDER THE CONFIRMED PLAN

16. The approved Chapter 13 Plan provided that the Debtor will make the monthly payments owed to Movant pursuant to the Note. The Court confirmed the Plan, and it is a binding contract between the Debtor and Movant, on which Movant is entitled to rely and which it is entitled to ask the Court to enforce. Movant therefore respectfully requests that the Court order the Debtor to cure the arrears within a reasonable time. In the alternative, as discussed below, if the Debtor is not able to cure the arrears within a reasonable time, Movant requests that the Court terminate the automatic stay.

POINT TWO

FAILURE TO MAKE MULTIPLE PAYMENTS
CONSTITUTES CAUSE FOR STAY RELIEF

17. Movant's records reflect that Debtor is delinquent with respect to post-confirmation payments. Failure to make multiple post-confirmation payments on a secured obligation constitutes cause to terminate the stay to permit foreclosure. Section 362(d)(1) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

18. Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. *Mac Donald v. Mac Donald (In re Mac Donald),* 755 F.2d 715, 717 (9th Cir.1985); *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer),* 405 B.R. 915, 921 (9th Cir.BAP2009); *In re Reitnauer,* 152 F.3d 341, 343 n. 4 (5th Cir.1998); *In re Mendoza,* 111 F.3d 1264 (5th Cir.1997).

19. A debtor's failure to make post-petition mortgage payments as they become due in a chapter 13 case may constitute prima facie "cause" for relief from the automatic stay under section 362(d)(1). *Americredit Fin. Servs. Inc. v. Nichols (In re Nichols)*, 440 F.3d 850, 856 (6th Cir. 2006); *In re Neals,* 459 B.R. 612, 620 (Bankr. D.SC 2011); *Ellis v. Parr (In re Ellis),* 60 B.R. 432, 435 (9th Cir.BAP 1985); *In re Miano,* 261 B.R. 391, 392-93 (Bankr. D. N.J. 2001)(dicta); *In re Oare,* 181 B.R. 16, 19 (Bankr. N.D.Y.Y. 1995); *Lomas Mortg. USA, Inc. v. Elmore (In re Elmore),* 94 B.R. 670, 678 (Bankr.C.D.Cal.1988); *In re Davis,* 64 BB.R. 358 (Bankr. S.D.N.Y. 1986); *In re Marter,* 61 B.R. 271 (Bankr. E.D.Pa. 1986); *In re Shahid,* 27 B.R. 673 (S.D. Ohio 1982).

20. Under these authorities stay relief is not automatic merely because the debtor has missed plan payments; the Court must examine the facts to determine whether cause exists. Relevant factors include whether the default is material, whether the debtor has the ability to make the plan payments and cure the arrears and whether the default was caused by circumstances beyond the debtor's control.

21. The arrears are material within the context of this case and the delinquency has persisted for many months without explanation. The Debtor has not attempted to communicate with Movant to reach an accommodation and has not responded to Movant's attempt to contact their counsel. Under these facts, cause exists to terminate the stay.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Movant requests that the Court enter an order (i) lifting the Automatic Stay so that Movant may exercise its rights under applicable law as to the Premises, including but not limited to foreclosure and (ii) granting such other and further relief as the Court deems just and proper.

Dated: May 6, 2014

/s/ WILLIAM S WEINSTEIN
William S. Weinstein
WEINSTEIN, PINSON & RILEY, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121
Phone: (206) 269-3490
Fax: (206) 269-3493
Email: advnotices@w-legal.com
Attorney for U.S. Bank National Association
As Trustee For Merrill Lynch First Franklin
Mortgage Loan Trust, Mortgage Loan Asset-
Backed Certificates, Series 2007-2 through
Its Authorized Servicer Nationstar Mortgage,
LLC